_____

No. 95-3858
_____

United States of America,          *
                                    *
        Appellee,                   *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  District of Nebraska.
Anthony Okereke,                    *      [UNPUBLISHED]
                                    *
        Appellant.                  *

_____

Submitted:  February 6, 1996

Filed:  February 14, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


        Anthony Okereke challenges the 10-month sentence imposed by
the district court[1] after he pleaded guilty to conspiring to commit
bank fraud, in violation of 18 U.S.C. § 371.  We affirm.


        In February 1995, Okereke and Emeka Okonkwo traveled from Los
Angeles to Omaha, where they attempted to open a number of bank
accounts in the names of Preon Booth (Okereke) and Donald Bronson
(Okonokwo).  Because of difficulties in verifying the information
provided by "Booth" and "Bronson," the banks "blocked the accounts"
and notified the Secret Service.  On March 15, the Secret Service
was informed that "Bronson" was at one of the banks.  Law
enforcement officers dispatched to the bank found Okonkwo inside
and Okereke outside, waiting in a car with a bag containing, inter
alia, "scores of checks in the names of other persons," and

_____

        [1]The Honorable Thomas M. Shanahan, United States District
Judge for the District of Nebraska.

counterfeit checks payable to "Booth" and "Bronson." Sixty-seven checks were seized, fourteen of which were written for amounts totalling more than $58,000.

At sentencing, Okereke argued he was entitled to a three-level reduction under U.S.S.G. § 2X1.1(b)(2), as he neither completed all of the acts necessary for the commission of the subject offense nor was he about to complete all such acts but for his apprehension. Okereke submitted his affidavit, attesting that he and Okonkwo came to Omaha in February to open the bank accounts, supplying the banks with fictitious information; that they returned the next month to present fraudulent checks for deposit and to make withdrawals against the deposited checks; and that upon learning that the accounts had been blocked, they visited the banks only to withdraw the funds they had originally deposited in February.

The district court overruled Okereke's objection, finding that he and Okonkwo were on the verge of completing all the acts necessary for successful completion of a bank fraud, and would have done so had the banks and the Secret Service not detected their actions. The district court sentenced Okereke to 10 months imprisonment and 3 years supervised release.

We review for clear error the district court's factual findings and de novo its application of the Guidelines. United States v. Ballew, 40 F.3d 936, 943 (8th Cir. 1994), cert. denied, 115 S. Ct. 1813 (1995). The Sentencing Guidelines provide for a three-level reduction in conspiracy cases,

> unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.

-2-

U.S.S.G. § 2X1.1(b)(2).

Here, Okereke admitted he had returned to Omaha to complete the last step in the scheme--negotiating the counterfeit checks. We agree with the district court that Okereke was not entitled to the reduction, because the bank fraud "was substantially completed or was interrupted or prevented on the verge of completion," when the authorities intervened.  See § 2X1.1, comment. (backg'd.).  As the government noted at sentencing, Okereke had "laid literally all of the groundwork" and had returned to Omaha with the checks, "ready to commit the crime," and was about to complete all the acts necessary for the successful completion of the bank fraud but for the banks having blocked the accounts.  Cf. United States v. Yellowe, 24 F.3d 1110, 1113 (9th Cir. 1994) (defendant who conspired to possess and use unauthorized access devices not entitled to § 2X1.1(b)(2) reduction because he had devices and was about to use them, but for being arrested and the fact that the necessary equipment was not connected to bank).

Okereke is not entitled to relief under application note 4 to section 2X1.1.  The fact that Okereke may have intended to defraud the bank of $58,000 but never obtained any money is of no consequence, because Okereke did not have to obtain any money to complete the fraud, i.e., to violate 18 U.S.C. § 1344.  See United States v. Solomonson, 908 F.2d 358, 364 (8th Cir. 1990); see also United States v. Mancuso, 42 F.3d 836, 850 (4th Cir. 1994) (in cases where there is a completed fraud within an incomplete fraud, Note 4 directs that the offense level be calculated by taking the higher level of the actual completed fraud or the intended fraud minus three levels).  Furthermore, Okereke's reliance on United States v. Watkins, 994 F.2d 1192 (6th Cir. 1993), is misplaced.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.